UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RA-TAH MENIOOH,<br><br>Plaintiff,<br><br>v.<br><br>TWO JINN, INC., et al.,<br><br>Defendants. | Case No. 21-cv-02840-SI<br><br>**ORDER (1) GRANTING MOTION TO DISMISS FILED BY HON. JOYCE D. HINRICHS AND HUMBOLDT COUNTY SUPERIOR COURT AND (2) DISMISSING REMAINING CLAIMS AFTER IFP EVALUAITON**<br><br>Re: Dkt. Nos. 7, 8, 2, and 34 |

On April 16, 2021, plaintiff filed the complaint in this action alleging various claims for constitutional violations under 42 U.S.C. §§ 1983 and 1985. The complaint names the following defendants: (1) Humboldt County, (2) Humboldt County correctional officers David Mullen, David Swim, and Lee Myers, (3) Humboldt County Sherriff William Honsal, (4) Two Jinn, Inc. (DBA "Aladdin Bail Bonds," for purposes of this order "Aladdin"), (5) Presiding Humboldt County Superior Court Judge Joyce Hinrichs, and (6) Humboldt County Superior Court. Dkt. No. 1.

On June 1, 2021, defendant Judge Joyce Hinrichs and defendant Humboldt County Superior Court ("Judicial Defendants") filed a motion to dismiss all claims against them. Dkt. No. 7. Plaintiff did not file an opposition thereto. Pursuant to Local Rule 7-2(b), the Court found the matter should be resolved without a hearing and therefore vacated the July 16, 2021 hearing on the motion. For the reasons articulated below, the Judicial Defendants' motion is hereby GRANTED WITH PREJUDICE.

Further, on April 16, 2021, plaintiff filed an application to proceed in forma pauperis ("IFP"). The application states plaintiff has no assets and very little income. Dkt. No. 2. The Court GRANTS plaintiff's motion for IFP.

However, when an unincarcerated plaintiff proceeds IFP, the Court must dismiss the case upon determining the case is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Pro se complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). As detailed below, having reviewed the complaint in full under the IFP standard, the Court DISMISSES plaintiff's other claims against all defendants WITH PREJUDICE.

## BACKGROUND

### I. Facts re Allegations Against Judicial Defendants

Plaintiff Rah-Tah Meniooh is an African American/Aborigine. Dkt. No. 1 at ¶ 110. Plaintiff alleges the following causes of action against the Judicial Defendants:

- **Claim 2**: § 1983 – Racial Discrimination in Violation of the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1981 (Dkt. No. 1 at ¶¶108-119)
- **Claim 3**: Violation of § 1983 – Deliberate Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Fourteenth, and First Amendments in violation of 42 U.S.C. § 1981 (Dkt. No. 1 at ¶¶ 120-135).
- **Claim 4**: Violation of §1983 – Right to Procedural Due Process of Law in violation of the Fifth and Fourteenth Amendment: ART. 1 sect 7 (Dkt. No. 1 at ¶¶ 136 – 144).
- **Claim 5**: § 1985. Conspiracy to interfere with civil rights (Dkt. No. 1 at ¶¶ 145-153)
- **Claim 6**: Violation of §1983 – Excessive Bail, Cruel and unusual punishment in violation of the Eighth and Fourteenth Amendment: ART 1 sect. 7 (Dkt. No. 1 at ¶¶ 154-161)
- **Claim 7**: Declaratory Relief[1]

Plaintiff's allegations against the Judicial Defendants arise from three state court rulings from separate actions, discussed in turn below.

---

[1] Specifically, a declaratory judgment finding (1) the defendants' conduct in applying Vehicle Code section 14601.2 (a misdemeanor offense for driving with a revoked driver's license due to a previous DUI violation) violated plaintiff's Constitutional rights; (2) that defendants acted without jurisdiction; (3) a preliminary and permanent injunction against the Judicial Defendants from enforcing Vehicle Code section 14601.2 in an arbitrary and discriminatory manner; (4) and monetary damages. Dkt. No. 1 at ¶¶ 162-171.

### A. Juvenile Dependency Proceedings

The complaint generally alleges Judge Hinrichs acted without jurisdiction or probable cause when she allegedly granted Child Welfare Services' ex parte investigation warrants in August 2017 and March 2019 with respect to plaintiff's children. Dkt. No. 1 at ¶¶ 57-59. Plaintiff alleges his children are not "persons" described by California Welfare and Institutions Code section 300.2.[2] *Id.* at ¶ 49. The March 2019 warrant was allegedly based on false allegations. *Id.* at ¶ 60. On November 9 and December 7, 2020, Judge Hinrichs allegedly "permit[ed an] ex parte attachment, ie, seizure of property (children) without a noticed hearing." *Id.*

### B. Vexatious Litigant Proceedings

Plaintiff alleges he was denied access to the courts from 2016-2021 because Judge Hinrichs and the Superior Court denied him access to courts declaring him a vexatious litigant.[3] *Id.* at ¶ 61.

### C. Criminal Proceedings

Plaintiff was arrested on March 30, 2015 and later charged with violating California Vehicle Code section 14601.2, subdivision (a) in *People v. Meniooh*, Superior Court case number CR1502055. Dkt. No. 7-1 (Ex. 1 to Bartleson Decl. ISO Mot. to Dismiss – Register of Actions). The register of actions reflects Judge Hinrichs took no part in the criminal proceeding after January 3, 2017. *Id.* According to the register of actions, various judicial officers issued bench warrants after plaintiff failed to appear in court on at least three occasions. Dkt. No. 7-1 at 9 (Ex. 1 to Bartleson Decl. – Register of Actions)

The complaint alleges that in February 2018, plaintiff was found guilty of violating § 14601.2 and sentenced to twenty-three days in jail. Dkt. No. 1 at ¶ 25. The jury found plaintiff guilty on five counts and, because plaintiff did not attend the trial, a bench warrant issued. Dkt. No.

---

[2] California Welfare & Institutions Code section 300 provides, inter alia, that a child who suffers physical or emotional harm caused by a parent "is within the jurisdiction of the juvenile court which may adjudge that person to be a dependent child of the court."

[3] 3 On November 18, 2016, plaintiff was labeled a vexatious litigant in California state court. See https://www.courts.ca.gov/documents/vexlit.pdf.

3

1    7-1 at 12 (Ex. 1 to Bartleson Decl. – Register of Actions).

2    Plaintiff further alleges that, on an unspecified date, Judge Hinrichs set bail at $25,000 for a prior conviction of violating Section 14601.2 and an additional misdemeanor traffic offense at $10,000 for a total of $35,000. *Id*. at ¶ 18. Plaintiff posted bail. *Id*. at ¶¶ 19-20.

The register of actions shows four separate bench warrants issued due to plaintiff's failure to appear in the criminal proceedings, with separate bail amounts: (1) May 21, 2105 with a bail amount of $5,000; (2) June 8, 2016 with a bail amount of $25,000; (3) November 13, 2017 with a bail amount of $15,000; and (4) May 24, 2018 with no bail. Dkt. No. 7-1 at 13 (Ex. 1 to Bartleson Decl. – Register of Actions).

In March 2018, Plaintiff alleges that he petitioned the court to remove the arrest warrant, but the court denied the petition. Dkt. No 1 at ¶ 32. Finally, on May 22, 2018, Plaintiff alleges that he appeared in court and was incarcerated. *Id*. at ¶ 33a. At a hearing on May 25, 2018, the court refused Plaintiff's request for release. *Id*.

### D. Prior Litigation

Plaintiff has instituted at least four actions, including the instant matter, stemming from his March 30, 2015 arrest. In *Meniooh v. State of California, et al* (Superior Court case number CV160118), plaintiff challenged, *inter alia*, judicial officers' rulings denying plaintiff's motion to dismiss the charges against him. Dkt. No. 8-1 (Ex. 1 to RJN – Complaint in CV160118). The Superior Court's demurrer was sustained without leave to amend. Dkt. No. 8-2

In *Meniooh v. State of California, et al*. (Superior Court case number CV160696), plaintiff alleged a variety of errors regarding his arrest, including abuse of discretion by the judicial officers presiding over the action. Dkt. No. 8-3 (Ex. 3 to RJN – Notice of Preemptory Writ in CV160696). Again, the Superior Court's demurrer was sustained without leave to amend. Dkt. No. 8-4.

Finally, in *Meniooh v. State of California, et al*. (United States District Court, Northern District of California case number C16-00715- CRB), plaintiff attacked the Vehicle Code as vague, overbroad, and oppressive. Dkt. No. 8-5 (Ex. 5 to RJN – Complaint in CV16-715). Plaintiff sought similar relief to that sought in the instant action: declaratory relief finding defendants' application

4

of the Vehicle Code was unconstitutional and an injunction restraining enforcement of the Vehicle Code. *Id*. Judge Charles Breyer granted a motion to dismiss without leave to amend filed by the Superior Court and various judicial officers. Dkt. No. 8-6.

In each prior action, plaintiff named the Superior Court as a defendant but did not name Judge Hinrichs as a defendant until the instant action.

**II.     Facts re County Defendants**

Plaintiff alleges he served a 23-day sentence in the Humboldt County Correctional Facility ("HCCF") commencing on May 22, 2018, after a jury found him guilty of violating California Vehicle Code section 14601.2(a)1 (driving on a suspended license). Dkt. No. 1 at ¶¶18, 33a. In connection with incidents that occurred during this sentence, plaintiff has also sued: (1) correctional officers Mullen, Swim, and Myers, (2) Humboldt County, and (3) Humboldt County Sherriff William Honsal (collectively, the "County Defendants").

During his incarceration, plaintiff alleges he suffered various constitutional violations, primarily violations of §1983, including, but not limited to: excessive force [4] (claim 1), racial

---

[4] Plaintiff alleges one morning he informed correctional officer Mullen, that plaintiff "does not break-fast in the early day…" Dkt. No. 1 at ¶ 39. Defendant Mullen allegedly took plaintiff's breakfast and replied "I'm going to eat it." *Id*. The conversation escalated and plaintiff ultimately told Officer Mullen to "get the fuck away from me." *Id*. In response, plaintiff alleges defendant Mullen became "upset/mad and … and put plaintiff in a janitor's closet for more than 45 minutes." *Id*. at ¶ 40. Plaintiff asked Officer Mullen to see his supervisor - defendant correctional officer Swim. Plaintiff alleges he was ultimately "sent to the Box" for "no reason." *Id*. at ¶ 41.

Plaintiff goes on to allege that later while he was in the Box, plaintiff heard several officers outside his cell who then used "unreasonabl[e] force by using five 'officers' to enter the cell with the wrath of the Crusaders from the Med Evil times." *Id*. at ¶ 42. Plaintiff alleges two of the officers watched, one threated plaintiff with a taser and "the other two 'Officers' push[ed] plaintiff against the wall forcefully to handcuff plaintiff." *Id*. Plaintiff alleges defendants engaged in "unreasonable and excessive force by [slamming] plaintiff on the floor and on his chest while handcuffed." *Id*. at ¶ 43. He alleges "the 'officers' then bent [his] legs back towards his head in a 'Ho[g] Tie' position." *Id*. "The 'officers' un handcuff[ed] plaintiff, as plaintiff was stripped naked in a forceful manner." *Id*. Plaintiff alleges this incident caused an injury to his right knee. *Id*. Plaintiff alleges he was "given medical services and requested an emergency MRI, due to the type of injury (to his knee which was being ("Hog Tied") of a possible tear in his ligament." *Id*. at ¶ 45.

discrimination[5] (claim 2), deliberately indifferent policies and practices[6] (claim 3, a *Monell* claim), violation of his right to due process (claim 4), conspiracy to interfere with his civil rights (claim 5), and excessive bail (claim 6).

### III. Facts re Bail Defendants

Finally, plaintiff has also sued Aladdin and its agent Charles Eli Blasigame (collectively, the "Bail Defendants"). The facts regarding the Bail Defendants are difficult to decipher from the complaint. It appears that, at an unspecified date prior to the February 2018 trial in which plaintiff was found guilty of violating vehicle code 14601.2, plaintiff received a bail bond from defendant Aladdin. Because plaintiff failed to attend the February 2018 trial, the complaint alleges defendant Aladdin

> "stood to lose so much [and] bail bond agents typically have the authority under State of California law to authorize what amounts to the arrest of plaintiff who did not attend trial… [Aladdin,] to avoid forfeiture of the bond/contract … hired a bounty hunter [defendant Charles Eli Blasigame] to find [plaintiff] for the [court]… [P]laintiff did not show for trial, therefore a bench warrant was issued by the [court]…. [Defendant Blasigame was] to receives funds from his employer [defendant Aladdin] for the rearrest of plaintiff for the defendant ("courts."). Defendants [Judge Hinrichs] set bail for $35,000 [incentivizing Defendant Blasigame] to track down plaintiff as a felony which the State law authorizes, not for a misdemeanor offense. This was the case after plaintiff did not to show for

---

[5] Plaintiff alleges he was "forced into racial segregation by defendant 'officers' [sic] act of omission." Dkt. No. 1 at ¶34. He claims he was "forced to sit, read, eat, workout and shower with other humans that had dark skin." *Id*. at ¶35. He alleges the "setting section for 'Blacks' is in the back of the dormitory of 555, while the 'Whites' sit in the front with no rotation of the groups." *Id*. Plaintiff alleges he tried to give a "pale/tan" friend his milk, but the milk was taken by "an older 'White' guy and said you can't take milk form [sic] the 'Blacks' [and correctional officer Mullen] just look [sic] on and did not show any reaction [sic] this racial slur." *Id*. at ¶35a. Plaintiff alleges "[t]he older racist guys subject the younger guys to acts of violence by having them fight other [sic] another's whites as a way of discipling [sic]." *Id*. at ¶36. Plaintiff further claims "the 'officers' show bias and prejudice toward non 'White' intimae [sic] by an act of omission." *Id*. Plaintiff alleges correctional officers Mullens and Swim "do nothing to prevent racial segregation from what plaintiff witnessed and horribly was a victim [sic]." *Id*. at ¶37.

[6] Plaintiff alleges defendant County and Sherriff Honsal failed "to adopt a needed policy for giving newly admitted inmates, the inmates orientation handbook…." Dkt. No. 1 at ¶ 80. Plaintiff further alleges the County and Sheriff Honsal's "training program was inadequate to train its 'officers' to carry out their duties." *Id*. at ¶ 81. Plaintiff also alleges "[d]efendants [County and Sheriff Honsal] failed [to] adequately supervise its employees." *Id*. at ¶ 82. Plaintiff claims "[i]n this case it was the supervising officer [defendant Swim] and [defendant Myers] who [sic] conduct [sic] was 'deliberate indifference' [sic] as to its known or obvious consequences to 'plaintiff' and the racial segregated facility." *Id*.

> defendants quasi-criminal trial due to an absence of Jurisdiction. **On March 23, 2018** [defendant Blasigame] trespassed [while] looking for plaintiff. [Defendant Blasigame] and DOE broke residence fence, tased plaintiff four times and assaulted plaintiff before plaintiff fled for his life.

Dkt. No. 1 at ¶¶ 26-29 (emphasis added). Based on this March 23, 2018 incident, plaintiff alleges three causes of action against the Bail Defendants:

- Claim 1: violation of § 1983 for excessive force,
- Claim 4: violation of § 1983 for violation of right to due process
- Claim 5: violation of § 1985 for conspiracy to interfere with civil rights

## LEGAL STANDARD

### I.  12(b)(1) – Judicial Defendant's Motion

Fed. R. Civ. P. 12(b)(1) allows a party to challenge a federal court's subject matter jurisdiction. As the party invoking subject matter jurisdiction of the federal court, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Publ'g Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("A Rule 12(b)(1) jurisdictional attack may be facial or factual.").

A challenge to subject matter jurisdiction is a factual attack where the moving party relies on extrinsic evidence and does not assert a lack of subject matter jurisdiction solely based on the pleadings. *Safe Air for Everyone*, 373 F.3d at 1039 (*quoting Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003)). "In resolving a factual attack on subject matter jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (*citing Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)). If the moving party converts its motion to dismiss into a factual motion by submitting affidavits, the opposing party must then also present affidavits or other evidence to meet its burden for satisfying subject matter jurisdiction. *Id.*

## II.  12(b)(6) - IFP

When an unincarcerated plaintiff proceeds *in forma pauperis*, the court must dismiss the case upon determining it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e). Pro se complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## DISCUSSION

### I.  Judicial Defendant's Motion to Dismiss[7]

The Judicial Defendants move to dismiss all claims against them arguing this Court does not have subject matter jurisdiction pursuant to the Eleventh Amendment.[8] The Court agrees.

The Eleventh Amendment states "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz* 57 F.3d 828, 831 (9th Cir. 1995), *citing Durning v. Citibank, N.A*. 950 F.2d 1419, 1422-23 (9th Cir. 1991). State courts are state entities for the purpose of Eleventh Amendment immunity. *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (1987) ("state case law and constitutional provisions make clear that the Court is a State agency."). Further, "[t]he Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.'" *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (internal citations omitted). As such, the Eleventh Amendment precludes a district court from asserting jurisdiction over claims against state officials sued in their official capacities. *Leer v. Murphy*, 844

---

[7] Plaintiff did not file an opposition to the Judicial Defendants' motion to dismiss. See Dkt. No. 26 (Notice of Non-Opposition).

[8] On June 1, 2021, the Judicial Defendants filed a Request for Judicial Notice in support of their motion to dismiss. There Court hereby GRANTS Judicial Defendants' Request for Judicial Notice. Dkt. No. 8.

8

F.2d 628, 632 (9th Cir. 1988).

The Court GRANTS the Judicial Defendants' motion to dismiss all claims against them WITH PREJUDICE.

## II. IFP Review

### A. Many of Plaintiff's Claims are Barred by Statutes of Limitations

#### 1. Claims Against County Defendants

Plaintiff served a 23-day sentence in Humboldt County Jail commencing on May 18, 2018—over three years ago. Dkt. No. 1 at ¶¶ 34-48; ¶¶ 79-85. During plaintiff's 23 days of incarceration, pursuant to California law, the statute of limitations was tolled (suspended). Cal. Code Civ. Proc., §352.1(a). The statute of limitations for plaintiff's § 1983 and §1985 claims against the County Defendants, began to run on June 15, 2018—when plaintiff was released from jail.

In actions brought under § 1983 and § 1985, courts apply the forum state's statute of limitations for personal injury actions. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007); *see also, Wilson v. Garcia*, 471 U.S. 261, 277-78 (1985) (holding 1983 claims are best analogized to personal injury actions); *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (California's statute of limitations for personal injury torts applies to §1983 and §1985 claims).

In California, the statute for personal injury actions is the two-year period set forth in California Code of Civil Procedure § 335.1. *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). Accordingly, all of plaintiff's §§ 1983 and 1985 claims against the County Defendants are subject to a two-year statute of limitations. Plaintiff's § 1983 claim brought pursuant to *Monell* (claim 3) is also governed by the two-year statute of limitations. *Baker v. California Highway Patrol*, 601 F. App'x 556, 557 (9th Cir. 2015) (applying California's two-year statute of limitations to *Monell* claim); *Daniels v. City & Cty. of San Francisco*, No. 17-CV-05914-MEJ, 2018 WL 2215740, at *1 (N.D. Cal. May 15, 2018) (same). "Although state law determines the length of the limitations period, federal law determines when a civil rights claims accrues." *Morales v. Los Angeles*, 214 F.3d 1151, 1153–54 (9th Cir.2000). Under federal law, a cause of action accrues when

the "plaintiff knows or had reason to know" of the injury underlying the action. *Id*.

Plaintiff did not file his complaint until April 16, 2021, nearly *three* years after the *two*-year statute of limitations began to run on May 18, 2018. Because of plaintiff's failure to timely file his complaint, plaintiff's section 1983 and 1985 claims against the County defendants—claims 1, 2, 3, 5, and 6—are barred by the statute of limitations and therefore DISMISSED WITH PREJUDICE.

### 2. Claims Against Bail Defendants

Plaintiff also alleges three causes of action for violations of §1983 and §1985 against the Bail Defendants all based on the March 23, 2018 incident where Defendant Balisgame allegedly tasered plaintiff and otherwise used excessive force. For the same reasons plaintiff's claims against the County Defendants are barred by the statute of limitations, so too are his claims against the Bail Defendants.

### B. Plaintiff's Final Claim for Declaratory Relief is Also DISMISSED

Plaintiff's claim for declaratory relief argues Vehicle Code § 14601.2 is vague and "meets neither of the two due-process essentials." Dkt. No. 1 at ¶163. In *Meniooh v. State of California et al*, case no. 16cv715, Judge Breyer addressed this argument and dismissed plaintiff's 2016 action. *See Meniooh v. State of California, et al*. (Case number C16-00715- CRB) (Plaintiff's complaint attacking the Vehicle Code as vague, overbroad, and oppressive was dismissed on a motion to dismiss without leave to amend). *See* Dkt. No. 8-6 (Judge Breyer's Order Granting Mot. To Dismiss).

Accordingly, plaintiff's 7th claim for declaratory relief is frivolous, unsupported by the complaint, and is barred by *res judicata*, having been previously dismissed by the District Court. Plaintiff's 7th claim is therefore DISMISSED WITH PREJUDICE.

# CONCLUSION[9]

The Judicial Defendants' motion to dismiss is GRANTED WITH PREJUDICE.

Further, after reviewing the complaint as required in connection with plaintiff's *in forma pauperis* application, the Court:

(1) DISMISSES claims 1-6 WITH PREJUDICE as to all defendants as they are barred by statues of limitations and

(2) DISMISSES plaintiff's 7th claim WITH PREJUDICE as barred by res judicata and for failure to state a claim.

**IT IS SO ORDERED**.

Dated: July 15, 2021

SUSAN ILLSTON
United States District Judge

---

[9] The County Defendants have a pending motion for to dismiss which is rendered MOOT by this order. See Dkt. No. 34.